UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LARRY D. CONLEY, DEMETRIUS JAMES,
ZACHERY LEE WILSON, RONNIE L. STERLING,
DARRIN R. SPENCER, JELON A. CLINTON,
EDWARD A. BECK, MALIKAI L. SMITH,
IRVING T. WASHINGTON, and
ANTONIO BROWN,

          Plaintiffs,

          v.                                      Case No. 25-C-1521

MILWAUKEE COUNTY COMMUNITY
REINTEGRATION CENTER,
CHANTELL JEWELL, MEDICAL DEPARTMENT,
ADMINISTRATION, and FOOD SERVICES,

          Defendants.

---

## SCREENING ORDER

---

Plaintiffs, who are all current inmates at the Milwaukee County Community Reintegration Center (the Center) and representing themselves, filed a complaint under 42 U.S.C. §1983, alleging that their civil rights are being violated. No Plaintiff has paid the $405 filing fee, nor has any Plaintiff moved to proceed without prepaying the filing fee. The Court reminds Plaintiffs that, in a multiple plaintiff prisoner case, *each* plaintiff is required to pay the filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *see Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) ("prisoners may join their claims in a single action but must each pay a separate filing fee"). Putting the filing fee issues aside for now, the Court will screen the complaint under 28 U.S.C. §1915A, which requires the Court to review complaints filed by prisoners "as soon as practicable after docketing."

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

Plaintiffs are discontent with the overall conditions at the Center. They assert that there is a lot of mold on the walls and ceiling and that the showers are covered in mildew. Plaintiffs note there are no handrails in the showers, no shower mats, and no grip tape on the floor to prevent slipping. They state that the ventilation system is old and that air circulation throughout the Center is essentially nonexistent. Inmates allegedly have no fresh air to breathe and are never taken outside. According to Plaintiffs, "people" cough, sneeze, breathe funny, have runny noses, and spit up mucus because of exposure to asbestos and mold. They also note that the lead paint is peeling and the ceiling is leaking. They state that inmates dry wet spots on the floor with their towels, sheets, or shirts to prevent others from slipping because, according to Plaintiffs, there are no wet floor signs. They also note that there is no hot water in the segregation holding cell, only cold water. At least one Plaintiff alleges that he has been threatened not to pursue legal actions about the Center's conditions. And allegedly some inmates are denied their medication because they are not able to get to the medication cart quickly enough, although it is unclear if this has ever happened to any of the Plaintiffs. Finally, Plaintiffs believe the "laundry is not being cleaned right," and they assert that inmates who are required to clean are not given protective gear. Dkt. No. 1.

## THE COURT'S ANALYSIS

This action must be dismissed for several reasons. First, Plaintiffs are attempting to improperly bring unrelated claims in a single case. Plaintiffs allege that they are confined in unconstitutional conditions, that (at least some) inmates are being denied inadequate medical care, and that staff are retaliating against (some of) them and/or preventing (some of) them from exercising their rights. As instructed by the Seventh Circuit Court of Appeals, under the

3

controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Also, under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20.  Plaintiffs' sprawling complaint about nearly every unpleasant circumstance at the Center violates both Rules 18 and 20 by joining unrelated claims against different sets of defendants in the same action.

Moreover, under §1983, only those individuals who are personally involved in or responsible for an alleged violation are liable.  But rather than naming individuals as defendants, Plaintiffs sue "Medical Department," "Administration," and "Food Services."  The Court cannot reasonably infer that every person who works in these departments was personally involved or responsible for violating every Plaintiffs' rights.  Plaintiffs are reminded that there is no general duty of rescue under §1983 and that the legal doctrine of vicarious liability does not apply.  *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).  Further, supervisors are not liable for the misdeeds of their subordinates, so the mere fact that Chantell Jewell is the superintendent of the Center is an insufficient basis to state a claim against her.  *Id.*

Finally, as to Plaintiffs' purported conditions-of-confinement claim, which comprises the bulk of their complaint, the Court acknowledges that the Fourteenth Amendment prohibits the States from subjecting pretrial detainees to conditions of confinement that are objectively unreasonable.  However, to state a claim, a plaintiff must allege that "the conditions are sufficiently

4

serious—*i.e.*, that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted).  Merely uncomfortable or distasteful conditions such as mildew on showers, leaky ceilings, and cold water in a segregation holding cell are not sufficiently serious conditions for constitutional purposes.  *See Harris v. Fleming*, 839 F.3d 1232, 1235 (7th Cir. 1988) ("Inmates cannot expect the amenities, conveniences and services of a good hotel . . . .").

Importantly, "[g]enerally speaking, challenges to conditions of confinement cannot be aggregated and considered in combination unless 'they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.'" *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991)). This is because "nothing so amorphous as overall conditions can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* (citing *Wilson*, 501 U.S. at 305).  In other words, Plaintiffs merely highlighting every discomfort they experience at the Center will not be sufficient to state a claim.

Normally, the Court allows a pro se plaintiff one opportunity to amend his complaint, but it will not do so here because Plaintiffs cannot realistically join their claims in a single action. Federal Rule of Civil Procedure 20 allows plaintiffs to join together in one action *only* if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."  Plaintiffs did not all live in the same cell or even in the same part of the building, so the conditions they have endured differ.  Moreover, they have interacted with different staff members, and the responses given by

staff members were undoubtedly tailored to the unique circumstances faced by the inmate raising the concern. Accordingly, there will not be questions of law or fact that are common to all Plaintiffs.

Moreover, Federal Rule of Civil Procedure 11(a) requires that every pleading, motion, and other paper be signed by each party personally if the party is representing himself. This requirement will be difficult and costly for Plaintiffs to comply with, particularly after one or more of them is transferred to a different institution or released before the case is resolved. Given that inmates at the Center are generally housed there for only a limited period of time, it will not be long before it becomes nearly impossible for Plaintiffs to comply with this rule.

Accordingly, if a Plaintiff wants to pursue a claim related to the allegations in their joint complaint, he must file a separate case. Should a Plaintiff decide to do so, he will be required to pay the $405 civil case filing fee, or if he is unable to pay the fee, he may move to proceed without prepaying the filing fee. The complaint should set forth specific factual allegations about who he believes violated his constitutional rights, how his rights were violated, and what harm he suffered. If a Plaintiff files a complaint, the Court will screen it as required by 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** because it violates Federal Rules of Civil Procedure 18 and 20 and based on Plaintiffs' failure to pay the civil case filing fees. If Plaintiffs want to pursue their claims, they must do so in separate cases.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 7th day of October, 2025.

William C. Griesbach
United States District Judge

6

Case 1:25-cv-01521-WCG   Filed 10/07/25   Page 6 of 7   Document 2

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.